# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Mark Letoski and Roger Fox, individually and on behalf of all others similarly situated, | 1:23-cv-00238 |
| Plaintiffs, | |
| - against - | Class Action Complaint |
| The Coca-Cola Company, | |
| Defendant | Jury Trial Demanded |

Plaintiffs allege upon information and belief, except for allegations about Plaintiffs, which are based on personal knowledge:

1.      The Coca-Cola Company ("Defendant") manufactures, labels and sells citrus flavored "sparkling soda water" under the Fresca brand in grapefruit and black cherry varieties (the "Products").




## I. ADDITION OF ARTIFICIAL SWEETENERS TO SODA WATER SHOULD BE PROMINENTLY DISCLOSED

2. Numerous sources, including the Food and Drug Administration ("FDA"), concluded that consumers understand "sparkling water," "soda water," "seltzer water" and "fizzy water" to refer to water without sweeteners or flavorings with added carbonation, such that these terms are synonymous with carbonated water.

3. According to one commentator, the absence of sugar and/or artificial sweeteners is a key feature of soda water.[1]

4. The FDA concurred with this definition, noting that the addition of artificial sweeteners to a product designated as soda water was a material fact which should be prominently disclosed to consumers on the front label, i.e., "Artificially Sweetened [Sparkling] Soda Water."

5. Based on these expectations, the Products' description as "Sparkling Soda Water" is misleading because they contain the artificial sweetener of aspartame, shown in the ingredients.



**INGREDIENTS:** CARBONATED WATER, CITRIC ACID, CONCENTRATED GRAPEFRUIT JUICE, POTASSIUM CITRATE, ASPARTAME, POTASSIUM SORBATE (TO PROTECT TASTE) ACACIA GUM, ACESULFAME POTASSIUM, NATURAL FLAVORS, GLYCEROL ESTER OF ROSIN, POTASSIUM BENZOATE AND CALCIUM DISODIUM EDTA (TO PROTECT TASTE), CAROB BEAN GUM.

6. The Products' statements of identity, visible in the small print in the lower corner of the cans, describe it as "Sparkling Soda Water" followed by the addition of certain flavors.

---

[1] Is Fresca healthy?, I am Going Vegan.



## II. FAILURE TO DISCLOSE ABSENCE OF EXPECTED INGREDIENTS

7. Consumers prefer drinks with fruit ingredients over fruit flavoring, because the former have nutritive value, are natural, less processed and not exposed to additives and solvents.

8. The front label pictures of grapefruits and cherries causes consumers to expect non-negligible amounts of these fruit ingredients.



9. However, the ingredient lists reveal a de minimis amount or absence of these ingredients.

CARBONATED WATER, CITRIC ACID, CONCENTRATED GRAPEFRUIT JUICE, POTASSIUM CITRATE, ASPARTAME, POTASSIUM SORBATE (TO PROTECT TASTE) ACACIA GUM, ACESULFAME POTASSIUM, NATURAL FLAVORS, GLYCEROL ESTER OF ROSIN, POTASSIUM BENZOATE AND CALCIUM DISODIUM EDTA (TO PROTECT TASTE), CAROB BEAN GUM.

CARBONATED WATER, CITRIC ACID, NATURAL AND ARTIFICIAL FLAVORS, POTASSIUM CITRATE, CONCENTRATED GRAPEFRUIT JUICE, ASPARTAME, POTASSIUM SORBATE (TO PROTECT TASTE), ACESULFAME POTASSIUM, ACACIA GUM, POTASSIUM BENZOATE (TO PROTECT TASTE), GLYCEROL ESTER OF ROSIN, CALCIUM DISODIUM EDTA (TO PROTECT TASTE), CAROB BEAN GUM.

10. Though both Products contain "CONCENTRATED GRAPEFRUIT JUICE," they

3

contain more of the additive of citric acid.

11.     Based on industry estimates of the use of citric acid in carbonated beverages, the Products likely contain roughly 0.60 grams of citric acid, equivalent to 0.0202884 ounces.

12.     The cherry variety contains no cherry ingredients, indicated by its absence from the ingredient list.

13.     Consumers expect the Products' citrus taste is from a non-de minimis amount of citrus fruit ingredients, like oranges, lemons or grapefruits, not citric acid, an additive.

14.     Based on the analysis of flavor expert Bob Holmes, if the Products provided "all the flavor depth" and benefits of grapefruits and cherries, they would contain more grapefruit and cherry ingredients than additives.

15.     The front labels attempt to disclaim the presence of any meaningful amount of grapefruit and cherry ingredients through statements on the bottom corner of the cans where consumers may not notice it through the statements, "Black Cherry Citrus Flavor With Other Natural & Artificial Flavors" and "Grapefruit Citrus Flavor With Other Natural Flavors."

 

16.     Sparkling soda water which contains fruit ingredients is not commercially or technologically unfeasible, shown by brands such as Spindrift which sell this.

17.     As a result of the false and misleading representations, the Products are sold at premium prices, approximately not less than $7.99 per pack of twelve 12 ounce cans, excluding tax and sales.

<u>Jurisdiction and Venue</u>

18.     Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C.

§ 1332(d)(2).

19.    The aggregate amount in controversy exceeds $5 million, including any statutory and punitive damages, exclusive of interest and costs.

20.    Plaintiff Letoski is a citizen of Illinois.

21.    Defendant is a Delaware corporation with a principal place of business in Georgia.

22.    The class of persons Plaintiffs seek to represent includes persons who are citizens of different states from which Defendant is a citizen.

23.    The members of the classes Plaintiffs seek to represent are more than 100, because the Products have been sold with the representations described here from thousands of locations including grocery stores, dollar stores, drug stores, convenience stores, big box stores, and/or online, across the States covered by the proposed classes.

24.    Venue is in this District with assignment to the Eastern Division because a substantial part of the events or omissions giving rise to these claims occurred in Cook County, including Plaintiff Letoski's purchase, reliance on the identified statements, and/or subsequent awareness they were false and misleading.

Parties

25.    Plaintiff Mark Letoski is a citizen of Chicago, Cook County, Illinois.

26.    Plaintiff Roger Fox is a citizen of East Hardwick, Caledonia County, Vermont.

27.    Defendant The Coca-Cola Company is a Delaware corporation with a principal place of business in Atlanta, Georgia, Fulton County.

28.    Defendant is the largest seller of carbonated drinks in the world.

29.    Plaintiff Letoski purchased the Products on one or more occasions within the statutes of limitations for each cause of action alleged, at stores including Jewel-Osco, 550 N State St,

Chicago, Illinois 60654 between 2020 and 2022, among other times.

30.    Plaintiff Fox purchased the Products on one or more occasions within the statutes of limitations for each cause of action alleged, at stores including Freskos, 2323 Whitney Ave, Hamden, Connecticut 06518 between 2020 and 2022, among other times.

31.    Plaintiffs understood soda water and/or sparkling soda water as describing a drink without added sweeteners.

32.    Plaintiffs were misled by the failure to prominently disclose added sweeteners on the front label in light of the Products' name.

33.    Plaintiff Letoski expected non-de minimis amount of grapefruit, cherry and citrus ingredients based on seeing the pictures on the front labels.

34.    Plaintiff Letoski expected the citrus flavoring was based on citrus ingredients and not citric acid.

35.    Plaintiffs bought the Products at or exceeding the above-referenced price.

36.    Plaintiffs paid more for the Products, would have paid less or not have purchased them had they known the representations and omissions were false and misleading.

37.    The value of the Products that Plaintiffs purchased was materially less than their value as represented by Defendant.

<u>Class Allegations</u>

38.    Plaintiffs seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **Illinois and Vermont Class:** All persons in the States of Illinois and Vermont who purchased the Products during the statutes of limitations for each cause of action alleged; and

> **Consumer Fraud Multi-State Class**: All persons in the States of Utah, North Dakota, Kansas, Mississippi, Arkansas, Alaska and South Carolina who purchased the Products during the statutes of

limitations for each cause of action alleged.

39. Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiffs and class members are entitled to damages.

40. Plaintiffs' claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

41. Plaintiffs are adequate representatives because their interests do not conflict with other members.

42. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

43. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

44. Plaintiffs' counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

Illinois Consumer Fraud and Deceptive Business Practices Act
("ICFA"), 815 ILCS 505/1, *et seq.* and Vermont Consumer
Fraud Act ("VCFA"), 9 V.S.A. §2451 *et seq.*

45. Plaintiffs incorporate by reference all preceding paragraphs.

46. Plaintiffs purchased the Products expecting they did not contain added sweetening ingredients and contained non-de minimis amounts of fruit ingredients.

47. Plaintiffs would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

Violation of State Consumer Fraud Acts
(Consumer Fraud Multi-State Class)

48. The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are

similar to the consumer protection statute invoked by Plaintiffs and prohibit the use of unfair or deceptive business practices in the conduct of commerce.

49.     The members of the Consumer Fraud Multi-State Class reserve their rights to assert their consumer protection claims under the Consumer Fraud Acts of the States they represent and/or the consumer protection statute invoked by Plaintiffs.

50.     Defendant intended that members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct, which they did, suffering damages.

Breaches of Express Warranty,
Implied Warranty of Merchantability/Fitness for a Particular Purpose
and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.

51.     The Products were manufactured, identified, marketed, and sold by Defendant and expressly and impliedly warranted to Plaintiffs that they did not contain added sweetening ingredients and contained non-de minimis amounts of fruit ingredients.

52.     Defendant directly marketed the Products to Plaintiffs through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, product descriptions, and targeted digital advertising.

53.     Defendant knew the product attributes that potential customers like Plaintiffs were seeking, including the absence of added sweetening ingredients and non-de minimis amounts of fruit ingredients, and developed its marketing and labeling to directly meet their needs and desires.

54.     The representations about the Products were conveyed in writing and promised they would be defect-free, and Plaintiffs understood this meant they did not contain added sweetening ingredients and contained non-de minimis amounts of fruit ingredients.

55.     Defendant's representations affirmed and promised that the Products did not contain added sweetening ingredients and contained non-de minimis amounts of fruit ingredients.

56. Defendant described the Products so Plaintiffs believed they did not contain added sweetening ingredients and contained non-de minimis amounts of fruit ingredients, which became part of the basis of the bargain that it would conform to its affirmations and promises.

57. Defendant had a duty to disclose and/or provide non-deceptive promises, descriptions and marketing of the Products.

58. This duty is based on Defendant's outsized role in the market for carbonated drinks, the largest seller of such products in the world.

59. Plaintiffs recently became aware of Defendant's breach of the Products' warranties.

60. Plaintiffs provided or provides notice to Defendant, its agents, representatives, retailers, and their employees that it breached the Products' warranties.

61. Defendant received notice and should have been aware of these issues due to complaints by consumers and third-parties, including regulators and competitors, to its main offices and through online forums.

62. The Products did not conform to their affirmations of fact and promises due to Defendant's actions.

63. The Products were not merchantable because they were not fit to pass in the trade as advertised, not fit for the ordinary purpose for which they were intended and did not conform to the promises or affirmations of fact made on the packaging, container, or label, because they were marketed as if they did not contain added sweetening ingredients and contained non-de minimis amounts of fruit ingredients.

64. The Products were not merchantable because Defendant had reason to know the particular purpose for which they were bought by Plaintiffs, because they expected that they did not contain added sweetening ingredients and contained non-de minimis amounts of fruit

ingredients, and they relied on its skill and judgment to select or furnish such suitable products.

### Negligent Misrepresentation

65.    Defendant had a duty to truthfully represent the Products, which it breached.

66.    This duty was non-delegable, and based on Defendant's position, holding itself out as having special knowledge and experience in this area, the seller of the Fresca brand.

67.    Defendant's representations regarding the Products went beyond the specific representations on their packaging and labels, as they incorporated its extra-labeling promises and commitments to quality it has been known for.

68.    These promises were outside of the standard representations that other companies may make in a standard arms-length, retail context.

69.    The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in Defendant.

70.    Plaintiffs reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, their purchase of the Products.

### Fraud

71.    Defendant misrepresented and/or omitted the attributes and qualities of the Products, that they did not contain added sweetening ingredients and contained non-de minimis amounts of fruit ingredients.

72.    The records Defendant is required to maintain, and/or the information inconspicuously disclosed to consumers, provided it with actual and constructive knowledge of the falsity or deception, through statement and omission, of the representations.

### Unjust Enrichment

73.    Defendant obtained benefits and monies because the Products were not as represented and expected, to the detriment and impoverishment of Plaintiffs and class members,

who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiffs demand a jury trial on all issues.

**WHEREFORE**, Plaintiffs pray for judgment:

1. Certifying Plaintiffs as representatives and the undersigned as counsel for the classes;

2. Awarding monetary, statutory and/or punitive damages and interest;

3. Awarding costs and expenses, including reasonable attorney and expert fees; and

4. Other and further relief as the Court deems just and proper.

Dated:   January 16, 2023

Respectfully submitted,

/s/ Spencer Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com